SMITH, Judge,
dissenting:
I would affirm the trial court’s judgment. The spouse of a retiring state employee has no vested interest in prospective retirement benefits, even though the employee selects the statutory settlement option which would pay benefits to his surviving spouse. The spouse’s interest at the time of the employee’s retirement is but an expectancy, and she must survive him as his spouse to receive the benefits. Similarly, the employee’s vested right is only that benefits will be paid for his life and for his then spouse’s life, if she survives him as his spouse.
I share the majority’s concern with the inequity of requiring an employee to elect a settlement option irrevocably at the time of retirement and then, when a marriage dissolution and his death follow, declaring a lapse of benefits which otherwise would be payable to the surviving former spouse. There is inequity in a retirement system which recognizes neither the former spouse nor, if the retiree remarries before his death, the recent and surviving spouse for whom the system made no actuarial provision.
It might be possible for the legislature to permit a retiree in Mr. Arnow’s position to *1312 appoint the present Mrs. Arnow to receive at his death the benefits which at retirement his former spouse was actuarially predicted to receive as survivor. That would in many circumstances serve the retiree's wishes better than the remedy the majority have devised. No policy of law is served by the majority’s decision to prefer the former spouse to the later one. But the present retirement statute permits neither alternative. I do not conceive we are justified in rewriting the statute, as in my opinion the majority have done, to make it comport better with justice as we see it.